UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ARREYGUE, | ) | CV 09-260-SVW (E) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER ADOPTING FINDINGS, |
| v. | ) | |
| | ) | CONCLUSIONS AND RECOMMENDATIONS |
| JAMES WALKER, Warden, | ) | |
| | ) | OF UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

    The Court has also reviewed Petitioner's Supplement to Objections filed on April 5, 2010, which included a letter from Mishell Guzman regarding Petitioner's alibi witness. In the letter, Ms. Guzman stated

that when she asked the "witness" to testify on Petitioner's behalf, the "witness" responded, "If Michael needs me to testify for him, the courts need to subpoena me."

Ms. Guzman's declaration does not alter the conclusions reached in the Report and Recommendation. The declaration belies Petitioner's contention that trial counsel did not investigate Petitioner's purported alibi witness. In any event, "the duty to investigate and prepare a defense . . . does not necessarily require that every conceivable witness be interviewed." Bragg v. Galaza, 242 F. 3d 1082, 1088 (9th Cir.), *amended by* 253 F.3d 1150 (2001). Moreover, Petitioner's mere speculation that his alibi witness would have corroborated his statement, if interviewed, is not sufficient to establish ineffective assistance. In Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000), trial counsel's failure to interview or call an alibi witness was held not to constitute ineffective assistance, as there was no evidence in the record other than the Petitioner's own "self-serving affidavit" to establish that the witness would have testified favorably for the defense. Id.; see also Alcala v. Woodford, 334 f.3d 862, 872-73 & n. 3 (9th Cir. 2003) (indicating that, to succeed on a claim of ineffective assistance of counsel based upon a failure to call witnesses, a habeas petitioner must also describe specifically the testimony those witnesses would have given, as well as explain how that testimony might have altered the outcome of the trial).

In any event, even if there was evidence that Petitioner's alibi witness would have testified in Petitioner's favor, it would not alter the Court's conclusion. In light of the overwhelming evidence of Petitioner's guilt, Petitioner would be unable to show a "reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

    IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein by United States mail on Petitioner and counsel for Respondent.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   May 4, 2010    ,2010.

                                        STEPHEN V. WILSON
                                        UNITED STATES DISTRICT JUDGE